CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 SEP 10 PM 1:59

DEPUTY CLERK _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| DEWEY P.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6-18-cv-24 |
| | § | |
| ANDREW M. SAUL, COMMISSIONER | § | |
| OF SOCIAL SECURITY,[2] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Pursuant to 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for supplemental security income under Title XVI of the Social Security Act. The Senior United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c), and the parties have consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case dismissed.

### I. STATEMENT OF THE CASE

Plaintiff filed his application for SSI on October 19, 2015, alleging impairments that were disabling as of January 1, 2012 and later amended the onset date to October 19, 2015. That

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

[2] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).Title II governs disability insurance benefits. *See* 42 U.S.C. §§ 401-34.

application was denied initially and after reconsideration. The plaintiff requested a hearing, which was held before an Administrative Law Judge on March 1, 2017. The ALJ issued a decision on May 18, 2017 finding the claimant was not disabled.

Specifically, the ALJ found during step one that the plaintiff had not engaged in substantial gainful activity after the amended onset date. (Doc. 14-1, 21). At step two, the ALJ found he had the severe impairments of mild intellectual disorder, major depressive disorder, and possible seizure disorder. (Doc. 14-1, 22). In the third step, the ALJ found those severe impairments did not meet and were not the equivalent of any listed impairments. (Doc. 14-1, 31). The step three analysis continued with the ALJ determining the claimant retained the residual functional capacity to perform work with environmental limitations due to the seizure risk and limitations to short, simple instructions on judgment required only on simple work-related decisions, as well as limitations on contact with the public and coworkers. (Doc. 14-1, 33). The ALJ did not find evidence of a past relevant job he could return to, but that there were sufficient jobs he could perform, and was therefore not disabled. (Doc. 14-1, 41-42).

The plaintiff then applied to the Appeals Council, which denied review on February 15, 2018. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, the plaintiff was 41 years old and living with his wife and child at the time of the hearing.

He had experience as a custodian, an aide on an oil field rig, and stocking shelves. He believes his physical and mental impairments render him disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [they are] disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether

the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive, and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

The plaintiff alleges the ALJ did not support some analysis with substantial evidence. Specifically, he points to determinations about cerebrovascular issues and mental impairments. However, this is a misstatement of the law: the claimant bears the burden of presenting evidence of disability, and the ALJ's duty is to develop all relevant facts, not collect all existing records. *See Audler*, 501 F.3d at 448; *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). To upset the ALJ's decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 452. As opposed to cases cited by the plaintiff, the ALJ here did not "reject all relevant medical opinions and then independently assess a claimant's RFC without medical evidence...." (Doc. 19, 11).

4

Instead, the ALJ set out the standards for finding a medically determinable impairment and analyzed the medical evidence available, which itself contraindicated plaintiff's claims of strokes or severe cardiovascular accidents ("CVAs"). (Doc. 14-1, 27-31). Plaintiff cites a district court case from another district for the proposition that it is reversible error for the ALJ to have considered only seizure disorders which can be assessed by monitoring electrical activity but not a "pseudo-seizure disorder" which presents without understood verifiable external indicators. (Doc. 19, 13) citing *Carpenter v. Colvin*, No. CIV.A. H-11-4001, 2013 WL 789034 (S.D. Tex. Mar. 1, 2013). However, in this Court's view, assessing such a somatoform seizure disorder is the province of physicians and healthcare providers, and an ALJ does not err by declining to consider conditions that are not assessed by an acceptable medical source. Further still, the ALJ did consider the medical records concerning physical facets of this impairment and determined they would have a minimal—or no—impact on ability to work. (Doc. 14-1, 31). It cannot be a fair reading of caselaw to require an ALJ to order an outside assessment of a condition that might account for a claimant's purported symptoms, but which was not assessed by a physician or alleged by a claimant during the administrative process. Again, it is a claimant's burden to show evidence of disabling symptoms, and a plaintiff must present more than speculation about potential evidence to show a decision grounded in the presented record evidence is unsupported by substantial evidence. *Anderson v. Sullivan*, 877 F.2d 630, 634 (5th Cir. 1989); *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

Plaintiff attempts to muddy the waters by alternately emphasizing the minimal nature of impairment for a condition to be severe and an ALJ's inability to reach medical conclusions without supporting assessments by an acceptable medical source. (Doc. 21, 2-4). However, as plaintiff's citations assert, a condition's impact on the ability to work—severity—can be assessed

only when there is an acceptable medical source assessing limitations. *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). The ALJ does refer to one Emergency Room document that assesses him with "factitious movement disorders with imitation of seizure." (Doc. 14-1, 510). This is a mental health diagnosis and not a diagnosis of a seizure disorder. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 324-25 (5th ed. 2013). As regards physical impairments, the plaintiff has not shown that the ALJ's classifications of severe impairments is unsupported by substantial evidence or the result of legal error.

In addition to the factitious disorder, the plaintiff also complains that the ALJ's analysis of his mental impairments as a whole was unsupported by substantial evidence. (Doc. 19, 17-18). He specifically cites the ALJ's treatment of listing 12.05, at one point claiming to assume that the ALJ meant the opposite of what he wrote. (Doc. 19, 17). The ALJ found that the claimant did not display an inability to participate in standardized testing of intellectual function or any marked or extreme limitations in four areas of mental function, which disqualified him under listing 12.05. (Doc. 14-1, 32). Rather than illustrate how the record would not support any reasonable person reaching the same conclusion, plaintiff argues that "[i]n light of the complex material presented [about the factitious seizure disorder] above, the matter should also be remanded for further analysis of the applicability of [the] Listings." (Doc. 19, 18). This argument is insufficient to show a lack of substantial evidence supporting the ALJ's determination. Based upon a full review of the evidence of record and the findings of the ALJ, the Court determines that the ALJ applied the correct legal standards and his conclusions are supported by substantial evidence.

## V. CONCLUSION

Considering the above, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and plaintiff's complaint be **DISMISSED**. A judgment consistent with this opinion will issue on even date.

**SO ORDERED.**

Dated September 10, 2019.

                                              _/s/ Hal R. Ray, Jr._
                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE